# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

ADVANTAGE FUNDING
COMMERICAL CAPITAL CORP.,

           Plaintiff,

v.

UNITY TRANSPORTATION LLC,
JONATHAN BROWN, and
INTERSTATE TRUCKING LLC,

           Defendants.

Case No. 18-CV-1506-JPS

**ORDER**

---

Plaintiff asserts claims for breach of contract, breach of guaranty, and replevin against Defendants. (Docket #1). Plaintiff financed the purchase of two vehicles for Defendants, and Defendants failed to pay in accordance with the terms of the loans. *Id.* Defendants have been served with the lawsuit but have not timely responded to it. *See* (Docket #6, #8, and #9). On October 26, 2018, Plaintiff filed a motion for entry of default judgment against Defendants. (Docket #11). Based on Plaintiff's motion, and the lack of a responsive pleading from Defendants, the Clerk of Court entered default against them that same day. No response to the motion for default judgment has been received, and the time in which to do so has expired. Civ. L. R. 7(b).

Because the Clerk of Court has entered default against Defendants, the Court must accept all well-pleaded facts relating to liability as true. *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995). However, that does not relieve Plaintiff of the responsibility to prove up its damages under Rule

55(b)(2) of the Federal Rules of Civil Procedure. Indeed, "even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true," and the Court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (quoting *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)). Judgment by default may not be entered without a hearing on damages unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *Id.* (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

Plaintiff claims the following items of damages:

1) Principal balance of $166,888.16;

2) Late charges of $5,986.50;

3) NSF fees of $687.00;

4) Attorneys' fees of $5,124.00[1]; and

5) Costs of $511.67.

(Docket #12 at 4–5). These figures total $179,197.33. *Id.*

Here, the claimed amounts are easily capable of ascertainment from the allegations of the Complaint and the affidavits and exhibits accompanying Plaintiff's motion. This information demonstrates that Defendants breached their agreements with Plaintiff and, pursuant to those agreements, owe the amounts requested. *See* (Docket #12-1–#12-8). Thus, the Court having determined "that defendants [are] liable to plaintiff as to

---

[1] While Plaintiff's motion requests fees of $5,545.67, (Docket #12 at 5), its attorney's affidavit demonstrates that only $5,124.00 in fees were incurred, (Docket #12-8).

each cause of action alleged in the complaint," by its entry of default, and that Plaintiff's claimed amounts are reasonably certain and well-supported, the Court will now grant Plaintiff's requested default judgment and award Plaintiff the requested amounts for those items. *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc.*, 687 F.2d 182, 186 (7th Cir. 1982).[2]

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for default judgment (Docket #11) be and the same is hereby **GRANTED**; Defendants Unity Transportation, LLC, Jonathan Brown, and Interstate Trucking, LLC shall, jointly and severally, pay to Plaintiff the principal balance of $166,888.16, late charges of $5,986.50, NSF fees of $687.00, attorneys' fees of $5,124.00, and costs of $511.67, for a total of $179,197.33, together with post-judgment interest as provided by law;

**IT IS FURTHER ORDERED** that Plaintiff's motion to withdraw its motion for an order of replevin (Docket #17) be and the same is hereby **GRANTED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 30th day of November, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

[2] Plaintiff also filed a motion for an order of replevin, (Docket #13), but has since moved to withdraw that motion, (Docket #17). The Court will grant the motion to withdraw.